JOSEPH PARETTI, AN INFANT, ETC., PLAINTIFF-RE-SPONDENT, v. FRANK M. MITCHELL, RECEIVER, ET AL., DEFENDANTS-APPELLANTS.

Submitted October 28, 1932—Decided June 29, 1933.

Before Justices BODINE and DONGES.

For the appellants, *Autenrieth, Gannon & Wortendyke.*

For the respondent, *Ziegener & Brenner.*

PER CURIAM.

This is an appeal from a judgment of the Hudson County Court of Common Pleas, entered upon the verdict of a jury in favor of the infant plaintiff against the defendants after a trial before Judge O'Regan.

The only grounds of appeal are to the effect that it was error to refuse to nonsuit or direct a verdict for defendants. The motions were upon the grounds that there was no proof of defendants' negligence and that the infant plaintiff was guilty of contributory negligence.

The facts are that Joseph Paretti, eleven years of age, was coasting on January 26th, 1929, on Secaucus road, in Jersey City, near a point where that road intersects Tonnele avenue. He was going westerly. An automobile owned by the defendant F. M. Mitchell Motor Company, for which appears a receiver, and driven by the defendant Murt McConville, was proceeding northerly on Tonnele avenue. At the intersection the infant plaintiff was struck by the car and injured.

There was testimony that the defendants' car was being driven thirty-five miles an hour; that the road was icy; that the car was not under such control that it could be quickly stopped in view of driving conditions. The driver had a view of Secaucus road and could have observed the boy coming, if he had looked. There was ample evidence of the negligent driving of defendants' car to take the case to the jury on that question.

The boy was lying on his stomach on the sled. He testified that he had a clear view of Tonnele avenue in the direction from which the car was coming. He said he looked for vehicles on that street and saw none; and that he could stop if any vehicles were on Tonnele avenue. The first thing he knew about a car was when he was underneath it.

Another boy, Frank Miller, was on his sled about twenty-five feet in the rear of Joseph Paretti. He was sitting up

He said the defendants' car was four hundred feet from Secaucus road when the plaintiff was fifty feet from Tonnele avenue. He saw defendant's car and steered his sled into a large stone in order to stop before reaching the intersection.

We think the state of the proofs presented questions of fact as to the negligence of the defendant and as to the contributory negligence of the plaintiff. *Mellen* v. *Public Service Interstate Transportation Co.*, 110 *N. J. L.* 557; 166 *Atl. Rep.* 216.

The judgment is affirmed, with costs.